IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DARRELL SHAW a/k/a J. DARRELL SHAW a/k/a DARRELL SHAW, <br><br> Plaintiff, <br><br> v. <br><br> CKS FINANCIAL and VELOCITY INVESTMENTS LLC, <br><br> Defendants. | CIVIL ACTION 1:16-cv-09216 <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, JOHN DARRELL SHAW a/k/a J. DARRELL SHAW a/k/a DARRELL SHAW, by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, CKS FINANCIAL and VELOCITY INVESTMENTS LLC, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq* and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et. seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Fair Debt Collection Practices Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

### PARTIES

5. JOHN DARRELL SHAW a/k/a J. DARRELL SHAW a/k/a DARRELL SHAW (hereinafter "Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 181 Boulder Court, Gilberts, Illinois 60136.

6. CKS FINANCIAL is a limited liability company formed under the laws of the State of Virginia. CKS Financial has a principal place of business located 505 Independence Parkway, Suite 300, Chesapeake, Virginia 23320.

7. VELOCITY INVESTMENTS LLC is a limited liability company formed under the laws of the State of New Jersey. Velocity Investments LLC has a principal place of business located at 1800 Route 34 North, Building 4, Suite 404A, Wall, New Jersey 07719.

**FACTUAL ALLEGATIONS**

8. On or about July 1, 2015, Plaintiff obtained an unsecured loan through Lending Club Corporation, account number XXX8489 in the amount of $15,600.00.

9. On September 2, 2015, Sulaiman Law Group, Ltd. sent written correspondence to Lending Club Corporation informing Lending Club Corporation that Sulaiman Law Group, Ltd. represented Plaintiff regarding the debt owed Lending Club Corporation – directing Lending Club Corporation to cease all further communication with Plaintiff and provide Sulaiman Law Group, Ltd. with verification of the debt. See Exhibit A, a true and correct copy of Sulaiman Law Group, Ltd.'s September 2, 2015 written correspondence.

10. On September 12, 2016, Velocity Investments LLC contracted with CKS Financial to collect $11,494.49 owed Lending Club Corporation.

11. On September 14, 2016, Defendant sent Plaintiff written correspondence – with a payment coupon attached – which provided, in pertinent part:

"This letter serves as an initial courtesy notification to inform you that a transaction took place through which Velocity Investments, LLC purchased your Lending Club Corporation account with a past-due balance [of $11,494.49]. This past-due balance has been listed with our office, CKS Financial, on 09/12/2016 for final resolve. Please call our office at (888) 273-8454 to discuss payment arrangements."

*See* Exhibit B, a true and correct copy of Defendant's September 14, 2016 written correspondence.

12. On September 15, 2016, CKS Financial caused to be placed three telephone calls to Plaintiff and three telephone calls to Plaintiff's spouse.

13. On September 16, 2016, CKS Financial caused to be placed four telephone calls – one telephone call to Plaintiff's mother-in-law and father-in-law; one telephone call to Plaintiff's sister-in-law; one telephone call to Plaintiff's brother; and one telephone call to Plaintiff's daughter. Upon receiving this information, Plaintiff contacted Ms. Fran Torre, an employee of CKS Financial, who had informed Plaintiff of a skip trace done to locate Plaintiff (and Plaintiff's relatives), at which time Plaintiff reminded Ms. Torre of Sulaiman Law Group, Ltd.'s continued representation.

**COUNT I – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692c(a)(2) - COMMUNICATION IN CONNECTION WITH DEBT COLLECTION**
**(CKS FINANCIAL)**

14. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. The unsecured loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. CKS Financial is a "debt collector as defined by 15 U.S.C. § 1692a(6).

18. CKS Financial is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

19. CKS Financial violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff in connection with the collection of the debt owed to Lending Club Corporation, when CKS Financial knew Plaintiff was represented by Sulaiman Law Group, Ltd – without the prior consent of Plaintiff, the prior consent of Sulaiman Law Group, Ltd. or the express permission of a court of competent jurisdiction.

20. Plaintiff may enforce the provisions of 15 U.S.C. § 1692c(a)(2) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

**COUNT II – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692c(a)(2) - COMMUNICATION IN CONNECTION WITH DEBT COLLECTION**

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

23. The unsecured loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Velocity Investments LLC is a "debt collector as defined by 15 U.S.C. § 1692a(6).

25. Velocity Investments LLC is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

26. CKS Financial violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff in connection with the collection of the debt owed to Lending Club Corporation, when CKS Financial knew Plaintiff was represented by Sulaiman Law Group, Ltd – without the prior consent of Plaintiff, the

prior consent of Sulaiman Law Group, Ltd. or the express permission of a court of competent jurisdiction.

27. A principal-agent relationship exists between Velocity Investments LLC and CKS Financial under which Velocity Investments LLC may be held vicariously liable for violations of the Fair Debt Collection Practices Act of its agent, CKS Financial.

28. Plaintiff may enforce the provisions of 15 U.S.C. § 1692c(a)(2) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

  (1) any actual damage sustained by such person as a result of such failure;

  (2)

   (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

  (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

### COUNT III – VIOLATION(S) OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT - 815 ILCS 505/1 *ET SEQ.* - UNFAIRNESS

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Plaintiff is a "person" as defined by 815 ILCS § 505/1(c).

31. Plaintiff is a "consumer" as defined by 815 ILCS § 505/1(e).

32. CKS Financial. is engaged in "commerce" as defined by 815 ILCS § 505/1(f).

33. It was immoral, oppressive, unethical, unfair and unscrupulous - and against public policy - for CKS Financial to communicate with Plaintiff in connection with the collection of the debt owed to Lending Club Corporation, when CKS Financial knew Plaintiff was represented by an attorney.

34. It was immoral, oppressive, unethical, unfair and unscrupulous - and against public policy - for CKS Financial to communicate with Plaintiff's relatives in connection with the collection of the debt owed to Lending Club Corporation, when CKS Financial knew Plaintiff was represented by an attorney.

35. Any person who suffers actual damage as a result of a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act may bring an action against such person. The court, in its discretion, may award actual economic damages or other relief which the court deems proper.

36. An award of actual damages is appropriate as CKS Financial's unfair actions are the proximate causation of Plaintiff's aggravation, frustration and humiliation.

37. An award of punitive damages is appropriate as CKS Financial's unfair actions were outrageous, wanton and willful, and showed a conscious disregard and indifference for the rights of the Plaintiff, and consumers generally.

WHEREFORE, Plaintiffs request the following relief:

a. actual, and punitive damages, and costs of this action include expenses together with attorney's fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

September 26, 2016                                              Respectfully submitted,

6

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
S<small>ULAIMAN</small> L<small>AW</small> G<small>ROUP</small>, L<small>TD</small>.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
+1 630.575.8181
jdavidson@sulaimanlaw.com

*John Darrell Shaw a/k/a J. Darrell Shaw a/k/a Darrell Shaw*