IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DARRELL SHAW a/k/a **J. DARRELL SHAW** a/k/a **DARRELL SHAW**, <br><br> Plaintiff, <br><br> v. <br><br> **CKS FINANCIAL** and **VELOCITY INVESTMENTS LLC**, <br><br> Defendants. | Case No. 16 C 9216 |

## **MEMORANDUM ORDER**

This Fair Debt Collection Practices Act ("Act") lawsuit has just been assigned to this Court's calendar under our District Court's random assignment system. This memorandum order will deal briefly with what appears to be a problematic aspect of the Complaint brought by plaintiff John Darrell Shaw ("Shaw").

According to Complaint ¶ 9, about a year ago Sulaiman Law Group, Ltd. ("Sulaiman") (which represents Shaw in the current lawsuit) wrote Lending Club Corporation ("Lending Club"), apprising it that Sulaiman represented Shaw and directing it to stop communicating with Shaw on the ground that the validity of the debt he assertedly owed to Lending Club was disputed. Just a few days more than a year later, according to Complaint ¶ 10, one of the two defendants named in this action -- Velocity Investments LLC ("Velocity") -- assertedly contracted with the other co-defendant, CKS Financial ("CKS"), to collect some $11,500 allegedly owed to Lending Club.

According to Complaint ¶ 11, CKS then wrote Shaw a couple days later to inform him of the purchase by Velocity of his account with Lending Club, which allegedly carried the past-due balance that had been listed with CKS, "for final resolve." [1] Then on September 15 and 16 CKS asesrtedly placed a total of seven telephone calls to Shaw, to his wife and to other members of the family (Complaint ¶¶ 12 and 13), all of which calls assertedly violated the Act.

All of that is quite straightforward, but where this Court has a problem is in Complaint ¶ 26, which alleges that "CKS Financial knew Plaintiff was represented by Sulaiman Law Group, Ltd." That purely conclusory statement is wholly unsupported by any of the factual allegations that precede it and that have been summarized in the preceding paragraphs of this memorandum order.

It strikes this Court that to satisfy the "plausibility" requirement established by the Twombly-Iqbal canon some allegation ought to be included to bridge what appears to be a quantum leap in what has been recounted here. Accordingly Shaw's counsel is ordered to supplement the existing Complaint in some appropriate manner promptly, so that this Court is enabled to proceed with its customary practice in connection with newly-assigned actions by issuing an initial scheduling order.

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: September 28, 2016

_____

[1] Nothing in that CKS letter (Complaint Ex. B) elaborates on its statement "that a transaction took place through which Velocity Investments LLC purchased your Lending Club Corporation - Lending Club Corporatio[sic] account with a past-due balance as referenced above [$11,494.49]."